UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMMUNITIES FOR EQUITY,
 *et al.*,

        Plaintiffs,

v.

MICHIGAN HIGH SCHOOL
ATHLETIC ASSOCIATION,

        Defendant.
_____/

Case No. 1:98-CV-479

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Plaintiffs Communities for Equity, *et al.*'s Second Supplemental Petition for Attorney Fees. Defendant Michigan High School Athletic Association ("MHSAA") has opposed the Motion. Argument is unnecessary given the Court's understanding of the issues and the adequate briefings received.

**BACKGROUND**

Plaintiffs became the prevailing parties in this suit after obtaining injunctive relief which forced the MHSAA to adopt equal scheduling for high school male and female sports. In particular, this Court entered an Opinion and final Judgment in Plaintiffs' favor on December 17, 2001. Plaintiffs then received Court permission approving their December 26, 2001 motion for extension of time to file an attorney fee petition. The attorney fee petition and a supplemental attorney fee petition were not approved, however, until March 31, 2008, much of that delay being attributable to the parties' ongoing contests before the Sixth Circuit Court of Appeals and the United States Supreme Court as to the merits of the underlying Judgment. In any event, the Opinion and Judgment of March 31, 2008 approved attorney fees in the amount of $4,429,117.13 and costs in the amount

of $131,144.80.  (Judgment of 3/31/2008 at 1.)  Although the fee petition included many years of litigation, it did not include time for the attorneys of the Steptoe & Johnson, LLP law firm incurred after September 3, 2007, nor attorney fees for the National Women's Law Center, Pinsky, Smith Fayette & Hulswit, and the Equity Legal law firm incurred after August 31, 2007.  (*See* Pls.' 2d Suppl. Pet. 1 n.1.)  Plaintiffs now seek recovery for the later services of the Steptoe Johnson attorneys in the amount of $92,491.88 plus an additional $1,817.90 of costs/expenses.

Plaintiffs' second supplemental petition is supported by the Declaration of Lindsey B. Lang. The Declaration seeks reimbursement for 299.05 attorney and paralegal hours.  (Lang Decl., Ex. B at 1.)  The attorney fee hours include 253.30 hours for Lang and 7.5 hours for Roger Warin.  (*Id.*) The paralegal hours include 25 hours for Larry Taylor, 8.75 hours for Karen Tucker and 4.50 hours for Andrew Knipe.  (*Id.*)  To calculate a lodestar fee, Plaintiffs have utilized a $375/hour rate for Lang, a $400/hour rate for Warin, and a rate of $125/hour for paralegals.  (*Id.*)  This Court has previously approved these attorneys and paralegals' requested rates as reasonable ones, and continues in this conclusion as to the rates set forth above.[1] (*See* Op. of 3/31/2008 at 17-24.)  Plaintiffs have also attached daily time logs for all of the work referenced, which are detailed to the tenth of the hour.  (Lang Decl., Ex. A at 1-4.)  The daily time logs show that the work performed related to the recovery of attorney fees in this litigation.  The records also show that Plaintiffs' attorneys have written off hours for administrative time spent in connection with the litigation.  Plaintiffs' attorneys

---

[1] As noted earlier, the attorneys' actual billing rates are much higher.  (*See* Warin Decl. ¶ 27, noting Warin's regular rate of $600/hour.)  The Court does acknowledge some errors in the summary data included on the table on page 20 of the Court's previous Opinion.  However, notwithstanding such errors, the rates previously awarded to Plaintiffs' attorneys and those sought now are wholly reasonable in light of the attorneys' experience, qualifications and unique skills and the relevant market factors pertaining to the Grand Rapids/Kalamazoo legal market.

have also applied a 10-percent across-the-board reduction to the fee sought to adjust for any insufficiency of the billed hours.  (*See* Lang Decl., Ex. B.)  The total lodestar so adjusted is $92,491.88.  (*Id.*)

Plaintiffs also have not sought fees for the services of Equity Legal, the National Women's Law Center and Pinsky, Smith Fayette & Kennedy for work performed after August 31, 2007.  This gesture by Plaintiffs was meant to facilitate resolution of the Motion.  (*See* 2d Suppl. Pet. 1 n.2.)  The expense fees sought include: $387.20 for copying and printing expenses, and $1430.59 data charges for Lexis, Westlaw and PACER.  (*Id.*, Ex. C.)  There has been no objection to the amount of the expenses, which are reasonable, typical for litigation work, and consistent with expenses previously approved by the Court.

**LEGAL STANDARDS**

Attorney fees are sought and authorized in this suit by Title IX (20 U.S.C. §§ 1681-88), 42 U.S.C. § 1988(b), and the Michigan Elliott-Larsen Civil Rights (Mich. Comp. Laws §§ 37.2301 *et seq.,* including § 37.2801(3)).  These are prevailing party/fee-shifting statutes which authorize attorney fees notwithstanding the usual American rule against them.  Though such fee-shifting statutes allow some discretion, it is not a discretion to completely deny fees authorized by statute to the prevailing party.  *See Berger v. City of Mayfield Heights*, 265 F.3d 399, 402-03 (6th Cir. 2001).  The authorization to receive fees also includes compensation for paralegal services and other attorney expenses which are typically billed to the client.  *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (approving paralegal fees); *Northcross v. Board of Ed. of Memphis City Sch.*, 611 F.2d 624, 639 (6th Cir. 1979) (approving reimbursement for attorney out-of-pocket expenses apart from authorization under 28 U.S.C. § 1920).

> The following standards govern fee-shifting attorney awards:
>
> In an attorneys' fee case, the primary concern is that the fee awarded be "reasonable." *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999) (*citing Blum v. Stenson,* 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). A reasonable fee is "*adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.*" *Geier,* 372 F.3d at 791 (emphasis added); *see also Coulter v. Tennessee,* 805 F.2d 146, 149 (6th Cir. 1986) ("[H]ourly rates for fee awards should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question."). The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate. *See Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The district court's calculation of the lodestar value, as well as any justifiable upward or downward departures, deserves substantial deference, but only when the court provides "a clear and concise explanation of its reasons for the fee award." *Eckerhart,* 461 U.S. at 438, 103 S. Ct. 1933; *Hadix v. Johnson,* 65 F.3d 532, 535 (6th Cir. 1995).

*Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007).

Furthermore, time spent in preparing, presenting, and litigating an attorney fee application is compensable. *Gonter*, 510 F.3d at 620; *Coulter*, 805 F.2d at 151. Such fees are to be limited, however, consistent with sound judicial oversight. *Id.* To obtain such fees, a party may file a supplemental fee petition consistent with Rule 54. *McCombs v. Meijer, Inc.*, 395 F.3d 346, 361 (6th Cir. 2005).

**LEGAL ANALYSIS**

Defendant objects to the award of these supplemental fees on several grounds. The first of its objections concerns the Notice of Appeal it filed in Sixth Circuit case no. 08-1670 (noted in Dkt. No. 751). The Notice of Appeal concerns the attorney fee Opinion and Judgment entered on March 31, 2008. Defendant argues that the pendency of the appeal deprives the Court of jurisdiction to entertain the supplemental petition. (Def.'s Resp. 2-3, citing Fed. R. Civ. P. 60(a) and *Domino's*

*Pizza v. Seymour*, 848 F.2d 189 (6th Cir. 1988).) Defendant also makes a related argument that the supplemental petition may not be considered as a Rule 59(e) motion to alter or amend the judgment because the motion was not filed within 10 days of the Judgment. (Def.'s Resp. 3-4.)

Interestingly, both of Defendant's arguments are answered by Circuit Judge Boyce Martin's analysis in *Miltimore Sales, Inc. v. International Rectifier, Inc.*, 412 F.3d 685 (6th Cir. 2005). *Miltimore Sales*, like this case, concerned an attempt to file a motion for attorney fees and the question of whether the petition was timely when filed after the denial of a Rule 59 motion. The first point noted by the Court was how the 14-day deadline under Fed. R. Civ. P. 54(d)(2) works: The Court said:

> The first step in ascertaining whether a fee application is timely is determining when to start the clock. International Rectifier, Inc. argues that the "judgment" in this case was entered on December 19, 2001, when the district court entered judgment on the jury verdict. Thus, International Rectifier, Inc. asserts that any motion for fees must have been filed within fourteen days of December 19, 2001-that is, by January 2, 2002. Miltimore Sales, Inc. argues conversely that while the judgment was entered on December 19, 2001, the judgment did not become an "order from which an appeal lies" under Rule 54(a), and was not the "final judgment" as described in Rule 54's Advisory Committee Notes, until February 12, 2003, when the district court denied International Rectifier, Inc.'s timely filed Rule 59(e) motion. In support of its argument, Miltimore Sales, Inc. points to Federal Rule of Appellate Procedure 4 and this Court's decision in *Brown v. Local 58 International Brotherhood of Electrical Workers,* 76 F.3d 762 (6th Cir. 1996). Federal Rule of Appellate Procedure 4 addresses the effect of the filing of post-judgment motions on the time for appeal. Rule 4(a)(4)(A) provides that if certain post-judgment motions, including a Rule 59(e) motion, are filed following the entry of judgment, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Thus, says Miltimore Sales, Inc., if a timely filed Rule 59(e) motion prevents an appeal of the underlying judgment until the Rule 59(e) motion is disposed of, then logically, the judgment cannot be "an order from which an appeal lies" until the disposition of the Rule 59(e) motion. We agree.

*Id* at 687-88.

This means, of course, that pursuant to Federal Rule of Civil Procedure 4, a notice of appeal would not have taken effect if a timely Rule 59(e) motion were filed. Defendant's argument assumes that the 10-day limit of Rule 59(e) expired when Plaintiffs waited 14 days to file their supplemental petition. This argument was rejected in *Miltimore* because of the interaction of Rule 59 with Rule 6(a).

> We write further to discuss the effect of the Federal Rules for those in practice. As the Advisory Committee Notes discuss, one of the reasons the fourteen-day limit was adopted, as opposed to no time limit was, theoretically, for increased efficiency in processing motions for fees. The practical effect, however, is decreased efficiency and increased uncertainty-not to mention more paperwork. In nearly every case where attorney fees are available, the prevailing party will now need to file not one, but two fee applications-an initial fee application for fees incurred securing the favorable judgment, and a supplemental application for fees incurred defending post-judgment motions such as Rule 59(e) motions. As the Second Circuit in *Weyant* noted, "[a]s a practical matter ... given the time constraints imposed by the various Rules, [one fee application] will rarely be possible." *Weyant,* 198 F.3d at 314. The bizarre timing situations occur by virtue of adding Federal Rule of Civil Procedure 6 to the mix. The time limit for filing a Rule 59(e) post-judgment motion is ten days. Fed. R. Civ. P. 59(e). The time limit for filing the fee application under Rule 54(d)(2)(B) is fourteen days. Fed. R. Civ. P. 54(d)(2)(B). Federal Rule of Civil Procedure 6 states that the computation for the ten-day period applicable to Rule 50(b), 52(b), or 59 motions *excludes* intermediate Saturdays, Sundays, and legal holidays. *See* Fed. R. Civ. P. 6(a). The computation for the fourteen-day period within which the prevailing party must file a fee application *includes* intermediate Saturdays, Sundays, and legal holidays. *See id.* Therefore, "the 14-day period will never be longer than the 10-day period and in some cases will be shorter." *Weyant,* 198 F.3d at 315. Stated another way, the ten-day period prescribed by the Federal Rules *always* lasts *at least* fourteen days. The end result of this dubious occurrence is that, because the Rule 59(e) time limit and the Rule 54(d)(2)(B) time limit almost always expire on the same day . . . .

*Id.* at 691-92.

One final quotation from *Milimore* completes the legal analysis of the jurisdiction issue:

> "A judgment is said to be final if it conclusively determines the rights of the parties to the litigation and leaves nothing for the court to do but execute the order." *Weyant v. Okst,* 198 F.3d 311, 314 (2d Cir. 1999) (citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978)). A jury verdict and the entry of judgment does just this. However, "a timely petition for rehearing [i.e., a Rule 59(e) motion] tolls the running of the [appeal] period because it operates to suspend the finality of the ... court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." *Browder v. Dir., Dept. of Corr.,* 434 U.S. 257, 267, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978); *see also Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174, 109 S. Ct. 987, 103 L. Ed. 2d 146 (1989) (stating that the time for appeal does not begin to run "until the District Court has had an opportunity to dispose of all motions that seek to amend or alter what otherwise might appear to be a final judgment."); 12 *Moore's Federal Practice* § 59.12[1], at 59-38 (3d ed. 1999) (a "timely motion under Rule 59 destroys the finality of the judgment"). Thus, when a Rule 59(e) motion is filed and finality is suspended, the judgment is neither final nor an "order from which an appeal lies." Fed. R. Civ. P. 54(a). When the district court disposes of the Rule 59(e) motion, that order itself is not the "final" judgment, nor is it itself "an order from which an appeal lies"; instead, the disposition of the Rule 59(e) motions is an order or ruling that reinstates the finality of the original entry of judgment and a ruling that makes the underlying judgment appealable.
>
> We now join the Second and Eleventh Circuits in holding that a fee application is timely in these circumstances. In *Weyant v. Okst,* the district court entered judgment in favor of the plaintiff on April 15, 1998. 198 F.3d at 313. On April 21, the defendant filed post-trial motions pursuant to Federal Rule of Civil Procedure 59(e) and the motions were denied in an order docketed on October 21. *Id.* On April 23, the plaintiff filed an initial application for fees and expenses, the merits of which were decided in the district court's October 21 order. *Id.* On October 22, the plaintiff filed a supplemental fee application for the costs incurred in successfully opposing the defendant's post-trial motions. *Id.* The district court dismissed the supplemental application as untimely finding that judgment was entered on April 15. *Id.* The Second Circuit reversed, holding that the "supplemental application was timely and that [the prevailing party] was entitled to reasonable attorney's fees for services rendered in the period following his initial application." *Id.* at 314.

*Id.* at 688-89.

Therefore, Plaintiffs' Second Supplemental Petition was timely in this case, under both Federal Rules of Civil Procedure 54(d)(2) and 59(e). Since the Petition was filed within 14 days of

7

the Judgment, it had the effect of delaying the finality of the attorney fee Judgment under Rule 59(e) and permitting this Court's consideration of the amendment of the Judgment to include fees incurred after August 2007. Defendant's legal objections are denied. In doing so, the Court also overrules Defendant's objection to the attorney fee rate, which the Court approves as reasonable. The Court also finds that the fees billed were for services reasonably and necessarily incurred and that the fees and expenses should be approved in the total amount of $94,309.78.

## **CONCLUSION**

In accordance with this Opinion, Plaintiffs' Second Supplemental Petition for Attorney Fees and Expenses (Dkt. No. 746) is **GRANTED** and a Supplemental Judgment shall enter providing for the award of additional attorney fees and expenses in the amount of amount of $94,309.78.


Dated: August 14, 2008         /s/ Richard Alan Enslen
                               RICHARD ALAN ENSLEN
                               Senior United States District Judge